**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

    vs.                                           2:22-cr-200
                                                      JUDGE MICHAEL H. WATSON

**JADDEN I. BEDELL**

## REPORT AND RECOMMENDATION

Defendant Jadden I. Bedell previously pleaded not guilty to an *Indictment* charging him with conspiracy to deal in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1), 924(a)(1)(D). *Indictment*, ECF No. 3. The *Indictment* also includes a forfeiture provision. *Id*. The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 22,[1] executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to that charge. On June 28, 2023, and assisted by his counsel, defendant personally appeared for a change of plea proceeding. Defendant initially seemed to dispute some of the facts in the *Statement of Facts* supporting the charge. In response to the Court's refusal at that point to go forward with the change of plea hearing, defendant requested (through his counsel) that the hearing be continued after an opportunity to confer further with his counsel. The Court granted that request, and the change of plea hearing continued later that same day.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

---

[1] The *Plea Agreement* contains an appellate waiver that preserves only certain claims for appeal, collateral challenge, and motion for reduction of sentence. In the *Plea Agreement,* defendant agreed to the forfeiture provision in the *Indictment*.

1

plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.[2] Based on the observations of the undersigned, defendant understands the nature and meaning of the charge in the *Indictment* and the consequences of his plea of guilty to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Plea Agreement* signed by him, his attorney, and the attorney for the United States and filed on June 16, 2023, represents the only promises made by anyone regarding the charge in the *Indictment*. Defendant was advised that the District Judge may accept or reject the *Plea Agreement* and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the District Judge refuses to accept any provision of the *Plea Agreement* not binding on the Court, or if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea.

---

[2] Defendant testified that, although he graduated from high school, he had an IEP during his school years. He has difficulty understanding what he has read. However, he also testified that his attorney answered all his questions and explained the *Indictment*, the *Plea Agreement*, and the *Statement of Facts* to him.

Defendant confirmed the accuracy of the *Statement of Facts* supporting the charge, which is attached to the *Plea Agreement*.[3] He confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a forfeiture of the right

---

[3] Defendant expressly acknowledged during the change of plea proceeding that he knew that the guns purchased by him or his co-conspirators would be transferred or sold to others and that none of the conspirators had a federal firearms dealer's license.

3

to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

June 28, 2023  *s/ Norah McCann King*
 Date  Norah McCann King
 United States Magistrate Judge

4