IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:22-cr-200-001 |
| vs. | : | JUDGE WATSON |
| JADDEN BEDELL, | : | |
| Defendant. | : | |

**DEFENDANT RAYMOND MCMAHAN'S
SENTENCING MEMORANDUM**

After *United States v. Booker*, 543 U.S. 220 (2005), courts have stated that district courts are required to consider the guidelines, as well as the sentencing factors that are embedded in § 3553(a), in arriving at an appropriate sentence in federal criminal cases. In this post-*Booker* world, the mission of the district court is to impose a "sentence sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). Contrary to popular belief, the function of the district court is not to impose a "reasonable" sentence; instead, courts of appeals are charged with reviewing sentences for "reasonableness." *Id*.

The legal landscape has continued to evolve after *Booker* was announced with the Sixth Circuit recently ruling that a sentence within the advisory guideline range is "presumptively reasonable." *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). However, in several post-*Williams* cases, the Sixth Circuit has emphasized that the guidelines are not to be considered the preeminent sentencing factor. *United States v. Richardson*, 437 F.3d 550, (6th Cir. 2006); *Foreman*, 436 F.3d at 643-44. Moreover, the *Richardson* and *Foreman* courts quickly clarified the holding of *Williams* in several ways. First, the Sixth Circuit does not consider a sentence

outside of the guideline range presumptively "unreasonable." *Foreman*, 436 F.3d at 643-44. Second, simply imposing a sentence within the guideline range does not necessarily render the sentence "reasonable." *Id*. In the end, the Court emphasized that this rebuttable presumption:

> [d]oes not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence. Even when selecting a presumptively reasonable sentence within the Guidelines range, a district court must articulate its reasoning sufficiently to permit reasonable appellate review, specifying its reasons for selecting the specific sentence within that range.

*Richardson*, 437 F.3d at 554.

After *Booker* when a defendant seeks a sentence below the guideline range:

> [t]he record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it. This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable.

*Id*.

The decision to deviate from the guideline range is driven not only by the facts of the case, but also by how those facts interface with the § 3553(a) sentencing factors. Included in these sentencing factors are factors that the guidelines had previously either rejected or ignored. *United States v. Ranum*, 353 F. Supp. 2d 984, 986 (E.D. Wisc. 2005).

18 U.S.C. 3553(a) provides that the Court shall impose a sentence sufficient, but not greater than necessary to achieve certain goals. Summarizing the 3553(a) factors, the Court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, provide adequate deterrence, protect the public and provide educational or vocational training, medical care or other treatment. Additionally, the Court should consider the kinds of sentences available and the

applicable guideline range.

Jadden Bedell stands before the Court to be sentenced pursuant to his guilty plea.  As the Court is well aware, Jadden entered a plea of guilty to a single count of conspiring to deal in firearms.  Counsel would note the very well written and researched pre-sentence report (PSR).  Counsel would also note the cooperation at all stages by the assistant United States attorney in this matter (AUSA).

The Court has been given the pertinent facts as to the behavior that led to this hearing.  The Court has also been provided with Jadden's background and current situation.  Hopefully counsel can provide a little further illumination as to the person before the Court.

Jadden was born in Rochester, New York.  Emily Mueller did a very nice and through job of illustrating some of the struggles Jadden went through as a child and a young man.  It appears Jadden was always confronted with a tenuous financial situation.  Like so many people who appear before this Court, Jadden was not raised in a "traditional" family.  He was raised by a very loving and caring mother who struggled at times to provide for her family.  These issues as well as Jadden's mental and emotional problems contributed to the bullying which he endured and at times still contends with.

None of this justifies his behavior here and he knows this and has expressed remorse many times.  Counsel could illustrate many more facts of his life, but the PSR did an excellent job of putting a light on his past.  The present day brings us to Jadden working over fifty hours per week and living with his mother.  He has complied with all of his release conditions during the months this Court has graciously granted him his freedom.

Jadden has been cooperative, forthcoming and remorseful at all times with counsel.  Jadden has been polite and inquisitive even when told that prison may be involved.  Jadden

enjoys a strong bond with his mother. Jadden's mother has been more than helpful to counsel and assures the Court that she will continue to be a steady support system.

In light of the circumstances, counsel would request a disposition that does not involve a prison sentence. Counsel would submit that a prison sentence would not be in the best interests of society or Jadden. A period of home incarceration would much better serve all parties here. If the Court decides that prison is warranted, counsel would ask that the Court recommend to the Bureau of Prisons to place Jadden in a camp or a youthful offender program. Jadden as shown significant growth during this difficult time and has a wonderful support system. Counsel would ask the Court to sentence Jadden accordingly.

Respectfully submitted,

*/s/ Stephen Dehnart*

---

Stephen Dehnart (Ohio Reg. 0039275)
520-B S. State Street
Westerville, Ohio 43081
(614) 425-1088
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this Sentencing Memorandum was electronically served upon the Assistant United States Attorney, Office of the United States Attorney this 3rd day of February, 2024.

*/s/ Stephen Dehnart*

---

Stephen Dehnart (Ohio Reg. 0039275)
Attorney for Defendant